UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-20391 CR-MORENO / O'SULLIVAN

18 U.S.C. § 1349
18 U.S.C. § 1347
18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 2
18 U.S.C. § 982

FILED by [illegible] D.C.
MAY 26 2016
STEVEN M. LARIMORE
[illegible]

UNITED STATES OF AMERICA

vs.

NIURKA FERNANDEZ and
ROBERTO ALVAREZ,

Defendants.
_______________________________________/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times material to this Indictment:

### The Medicare Program

1. The Medicare Program ("Medicare") was a federally funded program that provided free or below-cost health care benefits to certain individuals, primarily the elderly, blind, and disabled. The benefits available under Medicare were governed by federal statutes and regulations. The United States Department of Health and Human Services, through its agency, the Centers for Medicare and Medicaid Services ("CMS"), oversaw and administered Medicare. Individuals who received benefits under Medicare were commonly referred to as Medicare "beneficiaries."

2. Medicare programs covering different types of benefits were separated into different program "parts." Part D of Medicare (the "Medicare Part D Program") subsidized the costs of prescription drugs for Medicare beneficiaries in the United States. The Medicare Part D Program was enacted as part of the Medicare Prescription Drug, Improvement, and Modernization Act of 2003 and went into effect on January 1, 2006.

3. In order to receive Part D benefits, a beneficiary enrolled in a Medicare drug plan. Medicare drug plans were operated by private companies approved by Medicare. Those companies were often referred to as drug plan "sponsors." A beneficiary in a Medicare drug plan could fill a prescription at a pharmacy and use his or her plan to pay for some or all of the prescription.

4. A pharmacy could participate in Part D by entering a retail network agreement directly with a plan or with one or more Pharmacy Benefit Managers ("PBMs"). A PBM acted on behalf of one or more Medicare drug plans. Through a plan's PBM, a pharmacy could join the plan's network. When a Part D beneficiary presented a prescription to a pharmacy, the pharmacy submitted a claim either directly to the plan or to a PBM that represented the beneficiary's Medicare drug plan. The plan or PBM determined whether the pharmacy was entitled to payment for each claim and periodically paid the pharmacy for outstanding claims. The drug plan's sponsor reimbursed the PBM for its payments to the pharmacy.

5. A pharmacy could also submit claims to a Medicare drug plan to whose network the pharmacy did not belong. Submission of such out-of-network claims was not common and often resulted in smaller payments to the pharmacy by the drug plan sponsor.

6. Medicare, through CMS, compensated the Medicare drug plan sponsors. Medicare paid the sponsors a monthly fee for each Medicare beneficiary of the sponsors' plans. Such

payments were called capitation fees. The capitation fee was adjusted periodically based on various factors, including the beneficiary's medical conditions. In addition, in some cases where a sponsor's expenses for a beneficiary's prescription drugs exceeded that beneficiary's capitation fee, Medicare reimbursed the sponsor for a portion of those additional expenses.

7. Medicare and Medicare drugs plan sponsors are "health care benefit programs," as defined by Title 18, United States Code, Section 24(b).

**Medicare Drug Plan Sponsors**

8. OptumRx, CVS Caremark ("CVS"), Express Scripts ("Express"), EnvisionRx, United American Insurance Company ("United"), and UnitedHealth Group ("UnitedHealth") were Medicare drug plan sponsors.

**The Defendants, Related Entities and Individuals**

9. Kamila Pharmacy Discount Corp. ("Kamila Pharmacy") was a Florida corporation that did business in Miami-Dade County. Kamila Pharmacy purported to provide prescription drugs to Medicare beneficiaries. Kamila Pharmacy was located at 5859 SW 8th Street in Miami, Florida.

10. Calan Pharmacy & Discount Service, LLC ("Calan Pharmacy") was a Florida corporation that did business in Miami-Dade County. Calan Pharmacy purported to provide prescription drugs to Medicare beneficiaries. Calan Pharmacy was located at 1879 W. Flagler Street in Miami, Florida.

11. Bertyann, Corp. d/b/a Best Pharmacy ("Best Pharmacy") was a Florida corporation that did business in Miami-Dade County. Best Pharmacy purported to provide prescription drugs to Medicare beneficiaries. Best Pharmacy was located at 510 W. 29th Street in Hialeah, Florida.

12. Arturo Alberto Oms, a resident of Miami-Dade County, was an owner, manager, and registered agent of Calan Pharmacy from on or about September 19, 2011, until in or around March of 2016. Oms was also an owner of Best Pharmacy.

13. From approximately in or around September of 2012, until in or around March of 2016, defendant **NIURKA FERNANDEZ**, a resident of Miami-Dade County, had an interest in Calan Pharmacy.

14. From approximately in or around December of 2013, until in or around March of 2016, defendant **ROBERTO ALVAREZ**, a resident of Miami-Dade County, was the registered agent of Best Pharmacy.

**COUNT 1**
**Conspiracy to Commit Health Care Fraud and Wire Fraud**
**(18 U.S.C. § 1349)**

1. Paragraphs 1 through 14 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around July of 2012, and continuing through in or around March of 2016, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**NIURKA FERNANDEZ**
**and**
**ROBERTO ALVAREZ,**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury, to commit offenses against the United States, that is:

a. to knowingly and willfully execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b),

that is, Medicare, OptumRx, CVS, Express, EnvisionRx, United, and UnitedHealth, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit programs, in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347; and

b. to knowingly and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

**Purpose of the Conspiracy**

3. It was the purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent claims to health care benefit programs; (b) concealing the submission of false and fraudulent claims to health care benefit programs; and (c) diverting fraud proceeds for the personal use and benefit of themselves and others.

**Manner and Means of the Conspiracy**

The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among other things, the following:

4. **NIURKA FERNANDEZ, ROBERTO ALVAREZ**, and other co-conspirators paid Medicare beneficiaries and patient recruiters to induce Medicare beneficiaries to obtain prescriptions for pharmaceutical drugs to be used in conjunction with false and fraudulent billing of Medicare through Calan Pharmacy and Best Pharmacy.

5. **NIURKA FERNANDEZ, ROBERTO ALVAREZ**, and other co-conspirators submitted and caused the submission of claims, via interstate wire transmissions, that falsely and fraudulently represented various health care benefits, primarily prescription drugs, were medically necessary, prescribed by a doctor, and provided to Medicare beneficiaries by Calan Pharmacy and Best Pharmacy.

6. As a result of such false and fraudulent claims, Medicare prescription drug plan sponsors, through their PBMs, made over $16 million in overpayments funded by the Medicare Part D Program to Calan Pharmacy and Best Pharmacy.

7. **NIURKA FERNANDEZ, ROBERTO ALVAREZ**, and other co-conspirators used the proceeds from the false and fraudulent Medicare Part D claims for their own use, the use of others, and to further the fraud.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2 - 6
## Health Care Fraud
## (18 U.S.C. § 1347)

1. Paragraphs 1 through 14 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around July of 2012, through in or around March of 2016, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**NIURKA FERNANDEZ,**

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined by Title 18, United States Code, Section 24(b), that is, Medicare, OptumRx, CVS, Express, EnvisionRx, United, and UnitedHealth, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit programs.

**Purpose of the Scheme and Artifice**

3. It was the purpose of the scheme and artifice for the defendant and her accomplices to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent claims to health care benefit programs; (b) concealing the submission of false and fraudulent claims to health care benefit programs, and the receipt and transfer of fraud proceeds; and (c) diverting fraud proceeds for the personal use and benefit of themselves and others.

**The Scheme and Artifice**

4. The allegations contained in paragraphs 4 through 7 of the Manner and Means section of Count 1 of the Indictment are re-alleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice as only relating to defendant **NIURKA FERNANDEZ.**

**Acts in Execution or Attempted Execution of the Scheme and Artifice**

5. On or about the dates set forth as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, **NIURKA FERNANDEZ**, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully

execute, and attempt to execute, the above-described scheme and artifice to defraud a health care benefit program affecting commerce, as defined by Title 18, United States Code, Section 24(b), that is, Medicare, OptumRx, CVS, Express, EnvisionRx, United, and UnitedHealth, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit programs, in that the defendant submitted and caused the submission of false and fraudulent claims seeking the identified dollar amounts, and representing that Calan Pharmacy and Best Pharmacy provided pharmaceutical items and services to Medicare beneficiaries pursuant to physicians' orders and prescriptions:

| **Count** | **Medicare Beneficiary** | **Approx. Claim Date** | **Medicare Claim Number** | **Medicare Drug Plan Sponsor** | **Item Claimed; Approx. Amount Claimed** |
|---|---|---|---|---|---|
| 2 | M.M. | 5/9/2014 | 1412946497860639969110 | CVS | Truvada Tab 200- 300mg; $2,619 |
| 3 | C.V. | 1/6/2015 | 1500638322672059998596 | United | Advair Diskus; $302 |
| 4 | I.F. | 6/1/2015 | 151524483724007999 | UnitedHealth | Prezista Tab 600mg; $1268 |
| 5 | R.M. | 8/19/2015 | 4235930767736304504235 930767736304504072 | Express | Seroquel XR Tab 150mg; $416 |
| 6 | M.T. | 12/1/2015 | 1533533755602239999110 | CVS | Seroquel XR Tab 400mg; $1,396 |

In violation of Title 18, United States Code, Sections 1347 and 2.

**COUNT 7**
**Conspiracy to Commit Money Laundering**
**(18 U.S.C. § 1956(h))**

From in or around July of 2012, through in or around March of 2016, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**NIURKA FERNANDEZ**
**and**
**ROBERTO ALVAREZ,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, and agree with each other and with others known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1956, that is, to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

It is further alleged that the specified unlawful activities are health care fraud, in violation of Title 18, United States Code, Section 1347, wire fraud, in violation of Title 18, United States Code, Section 1343, and the payment of kickbacks in connection with a Federal Health Care Program, in violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A).

All in violation of Title 18, United States Code, Section 1956(h).

**COUNTS 8–16**
**Money Laundering**
**(18 U.S.C. § 1956(a)(1)(B)(i))**

On or about the dates specified as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**NIURKA FERNANDEZ**
**and**
**ROBERTO ALVAREZ,**

did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that such transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, as set forth below:

| Count | Defendant | Approximate Date of Transaction | Description of Financial Transaction |
|---|---|---|---|
| 8 | **NIURKA FERNANDEZ** | June 28, 2013 | Negotiation of check no. 1389, drawn on Calan Pharmacy's bank account ending in 2770, in the approximate amount of $3,873 |
| 9 | **NIURKA FERNANDEZ** | September 3, 2013 | Negotiation of check no. 1479, drawn on Calan Pharmacy's bank account ending in 2770, in the approximate amount of $5,324 |
| 10 | **NIURKA FERNANDEZ** | January 20, 2014 | Negotiation of check no. 1731, drawn on Calan Pharmacy's bank account ending in 2770, in the approximate amount of $5,284 |
| 11 | **NIURKA FERNANDEZ** | February 10, 2014 | Negotiation of check no. 1725, drawn on Calan Pharmacy's bank account ending in 2770, in the approximate amount of $5,258 |
| 12 | **NIURKA FERNANDEZ** | March 28, 2014 | Negotiation of check no. 1758, drawn on Calan Pharmacy's bank account ending in 2770, in the approximate amount of $5,171 |

| Count | Defendant | Approximate Date of Transaction | Description of Financial Transaction |
|---|---|---|---|
| 13 | **ROBERTO ALVAREZ** | September 15, 2014 | Negotiation of check no. 197, drawn on Best Pharmacy's bank account ending in 2521, in the approximate amount of $10,000 |
| 14 | **ROBERTO ALVAREZ** | October 9, 2014 | Negotiation of check no. 216, drawn on Best Pharmacy's bank account ending in 2521, in the approximate amount of $4,898 |
| 15 | **ROBERTO ALVAREZ** | October 13, 2014 | Negotiation of check no. 219, drawn on Best Pharmacy's bank account ending in 2521, in the approximate amount of $5,384 |
| 16 | **ROBERTO ALVAREZ** | October 17, 2014 | Negotiation of check no. 224, drawn on Best Pharmacy's bank account ending in 2521, in the approximate amount of $5,612 |

It is further alleged that the specified unlawful activities are health care fraud, in violation of Title 18, United States Code, Section 1347, wire fraud, in violation of Title 18, United States Code, Section 1343, and the payment of kickbacks in connection with a Federal Health Care Program, in violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A).

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

**FORFEITURE**
**(18 U.S.C. § 982)**

1. The allegations contained in this Indictment are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **NIURKA FERNANDEZ** and **ROBERTO ALVAREZ**, have an interest.

2. Upon conviction of any violation of Title 18, United States Code, Sections 1347 and 1349, as alleged in Counts 1 through 6 of the Indictment, the defendants shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such violations, pursuant to Title 18, United States Code, Section 982(a)(7).

3. The property subject to forfeiture includes, but is not limited to, $16,201,478, which constitutes the sum of money equal in value to the gross proceeds traceable to the commission of the violation alleged in this Indictment, which the United States will seek as a forfeiture money judgment as part of each defendant's sentence.

4. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been co-mingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All pursuant to Title 18, United States Code, Section 982(a)(7); and the procedures set forth at Title 21, United States Code, Section 853, as made applicable through Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

FOREPERSON

WIFREDO A. FERRER
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

GEJAA GOBENA
DEPUTY CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

L. RUSH ATKINSON
TRIAL ATTORNEY
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA** **CASE NO.** ____________________

**vs.**

**CERTIFICATE OF TRIAL ATTORNEY***

**NIURKA FERNANDEZ and**
**ROBERTO ALVAREZ,**

**Defendants.**
____________________/

**Court Division:** (Select One)

_X_ Miami ___ Key West
___ FTL ___ WPB ___ FTP

**Superseding Case Information:**
New Defendant(s) ___ No ___
Number of New Defendants ___
Total number of counts ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) _Yes_
List language and/or dialect _Spanish_

4. This case will take _5_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

| | (Check only one) | | (Check only one) | |
|---|---|---|---|---|
| I | 0 to 5 days | X | Petty | |
| II | 6 to 10 days | | Minor | |
| II | 11 to 20 days | | Misdem. | |
| IV | 21 to 60 days | | Felony | X |
| V: | 61 days and over | | | |

6. Has this case been previously filed in this District Court? (Yes or No) _No_
If yes:
Judge: Case No. ____________________
(Attach copy of dispositive order)
Has a complaint been filed in this matter? (Yes or No) ___
If yes:
Magistrate Case No. ____________________
Related Miscellaneous numbers: ____________________
Defendant(s) in federal custody as of ____________________
Defendant(s) in state custody as of ____________________
Rule 20 from the ____________ District of ____________

Is this a potential death penalty case? (Yes or No) _No_

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ___ Yes _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ___ Yes _X_ No

for [signature]
L. RUSH ATKINSON
DOJ TRIAL ATTORNEY
Court ID No. A5502008

*Penalty Sheet(s) attached

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** **NIURKA FERNANDEZ**

**Case No:** ______________________

Count #: 1

18 U.S.C. § 1349

Conspiracy to Commit Health Care Fraud and Wire Fraud

***Max Penalty**: Twenty (20) years' imprisonment.

Counts #: 2 – 6

18 U.S.C. § 1347

Health Care Fraud

***Max Penalty**: Ten (10) years' imprisonment as to each count.

Count #: 7

18 U.S.C. § 1956(h)

Conspiracy to Commit Money Laundering

*Max Penalty: Twenty (20) years' imprisonment.

Counts #: 8 – 12

18 U.S.C. § 1956(a)(1)(B)(i)

Money Laundering

*Max Penalty: Twenty (20) years' imprisonment as to each count.

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** **ROBERTO ALVAREZ**

**Case No:** ____________________

Count #: 1

18 U.S.C. § 1349

Conspiracy to Commit Health Care Fraud and Wire Fraud

***Max Penalty**: Twenty (20) years' imprisonment.

Count #: 7

18 U.S.C. § 1956(h)

Conspiracy to Commit Money Laundering

*Max Penalty: Twenty (20) years' imprisonment.

Counts #: 13 - 16

18 U.S.C. § 1956(a)(1)(B)(i)

Money Laundering

*Max Penalty: Twenty (20) years' imprisonment as to each count.

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**